**Blanche WILLIAMS, Plaintiff,**

v.

**BUSSMANN FUSE MANUFACTURING DIVISION McGRAW–EDISON COMPANY, Defendants.**

No. 78–507C(1).

United States District Court,
E. D. Missouri, E. D.

Sept. 18, 1979.

Michael A. Markenson, Rosenblum, Goldenhersh, Silverstein & Zafft, Clayton, Mo., for plaintiff.

John J. Gazzoli, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court for a decision on the merits following a two-day

bench trial held March 1st and 2nd, 1979. In the instant case, it was plaintiff's contention that she was treated discriminatorily by defendant due to her sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. However, there is some question as to whether or not plaintiff abandoned her claim of sex discrimination at trial. In any event, both claims will be considered by this Court. Plaintiff's complaint sets forth one count charging defendant with discriminatorily requiring plaintiff to work while under approved disability leave but not requiring other white employees or male employees to report to work while under approved disability leave.

The Court, having considered the pleadings, the testimony of the witnesses and documents introduced at trial, the stipulations of the parties, and being otherwise fully advised of the premises hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact applicable as a conclusion of law is hereby adopted as such by the Court. Conversely, any conclusion of law applicable as a finding of fact is hereby adopted as such by the Court.

*Findings of Fact*

1. Plaintiff is a black female and a former employee of defendant Bussmann Fuse Manufacturing Division of McGraw-Edison Company.

2. Defendant Bussmann Fuse Manufacturing Division is a division of McGraw-Edison Company and is engaged in the business of manufacturing and selling electrical fuses. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and is subject to the Act by virtue of 42 U.S.C. § 2000e(b).

3. During the period in question plaintiff was employed by defendant as a "fuse assembler". She was a member of the Independent Fuse Workers' Union and her employment was subject to a collective bargaining agreement negotiated by said union and ratified by plaintiff which agreement contained a clause calling for termination of any employee who was absent for five (5) working days without notifying defendant unless an emergency exists.

4. On June 8, 1977, plaintiff sustained a job related injury to the little finger on her left hand, *i. e.,* a small chip fracture between the proximal and middle phalanx.

5. Plaintiff consulted with several doctors and hospital clinics, but none of them considered plaintiff's injury serious enough to warrant disability leave of absence prior to August 19, 1977.

6. On August 12, 1977, plaintiff consulted with Dr. Lawrence Evans, an orthopedic specialist, and Dr. Evans splinted her injured finger but did not place her on limited duty. Thereafter, on Friday, August 19th, plaintiff again saw Dr. Evans who diagnosed a possible fracture of the little finger on plaintiff's left hand. Plaintiff represented to Dr. Evans that defendant did not have one-handed work available and Dr. Evans authorized plaintiff not to work until she came back to see him on September 14, 1977. In compliance with Dr. Evans' order of August 19th, defendant placed plaintiff on total temporary disability leave on Monday, August 22, 1977.

7. When plant safety supervisor, Tom Schreier, found out what plaintiff had told Dr. Evans about the availability of one-handed work, he telephoned the doctor and explained to him that one-handed work was available. The job involved, sorting fuse elements, can be done with one finger. Furthermore, the Court notes that plaintiff was right handed and the use of her left hand was not required. Dr. Evans changed his order and authorized plaintiff to return to work using only her right hand. Plaintiff was notified by Dr. Evans' office and by defendant of the change in orders. In compliance with Dr. Evans' instructions, defendant cancelled plaintiff's total temporary disability leave effective August 29, 1977.

8. Defendant in fact had one-handed, if not one-fingered, work available for plaintiff.

9. Plaintiff reported for work on Tuesday, August 30, 1977, but left that day after complaining of nausea. The nurse employed by defendant suggested that plaintiff contact Dr. Evans about the medication but plaintiff did not. Instead, plaintiff told her supervisor that she was leaving and would return after her next doctor's appointment on September 14th. Plaintiff was advised at that time that Dr. Evans had authorized one-handed work and had not authorized a leave of absence and that plaintiff should report to work unless she had doctor's authorization.

10. Plaintiff was absent for five (5) consecutive workdays after August 30, without valid medical excuse or a call-in, and defendant consequently terminated plaintiff's employment pursuant to the collective bargaining agreement on September 8, 1977.

11. Although there was considerable dispute at trial with respect to plaintiff's replacement, it is clear that plaintiff's position was filled by another black female on November 21, 1977.

12. There is no evidence that defendant declined to terminate any similarly situated white or male employees who were absent for five (5) working days without notifying defendant or without a valid medical excuse.

### CONCLUSIONS OF LAW

This Court has jurisdiction over the parties and has jurisdiction over the subject matter of this action by virtue of 42 U.S.C. § 2000e–5(f).

Defendant terminated plaintiff's employment for missing five (5) successive workdays without a call-in and without having been on leave of any kind. Defendant did not engage in any discrimination by reason of plaintiff's race or sex in connection with plaintiff's termination.

In accordance with this Memorandum judgment must be entered in defendant's favor.